**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00083-CV**
_____

**IN RE MOBIL PIPE LINE COMPANY AND EXXONMOBIL OIL CORPORATION, A NON-PARTY**

**Original Proceeding**
**County Court at Law No. 1 of Jefferson County, Texas**
**Trial Cause No. 0138200**

**MEMORANDUM OPINION**

Mobil Pipe Line Company and ExxonMobil Oil Corporation, a Non-Party, jointly filed a petition for a writ of mandamus to compel the trial court to vacate a February 14, 2025 order requiring Exxon to produce documents and present a corporate witness to testify as to matters relating to Exxon pipelines and a 2020 easement sale in a condemnation case. We requested a response from the Real Party in Interest, Gladys City Company. The parties filed additional briefing and argument. Having considered the parties arguments, we deny the petition for a writ of mandamus.

1

Mobil and Exxon argue all matters related to Exxon's 2020 purchase from Gladys City of an easement for two unrelated pipelines is irrelevant, inadmissible, and not likely to lead to the discovery of admissible evidence. They contend the pipelines identified in the 2020 Easement Agreement are part of interconnected pipeline systems that form integral parts of larger common-carrier pipeline systems. They assert that as a pipeline engaged in the business of transporting crude petroleum by pipeline, Exxon is a common carrier under section 111.002(1) with the right and power of eminent domain conferred by section 111.019(a) of the Natural Resources Code. *See* Tex. Nat. Res. Code Ann. §§ 111.002(1) ("A person is a common carrier subject to the provisions of this chapter if it: (1) owns, operates, or manages a pipeline or any part of a pipeline in the State of Texas for the transportation of crude petroleum to or for the public for hire, or engages in the business of transporting crude petroleum by pipeline[.]"); 111.019(a) ("Common carriers have the right and power of eminent domain."). They argue that by virtue of its status as a common carrier with the power of eminent domain, the easements Exxon purchased in the 2020 Easement Agreement cannot be used as a comparable sale in determining the amount of just compensation to which Gladys City is owed for Mobil's taking in this case.

Gladys City argues the discovery ordered by the trial court is targeted at the nature and use of the Exxon easement's pipelines as public or private and therefore

relevant to the admissibility of the easement on the question of fair market value in the Mobil taking. Gladys City contends that if the Exxon pipelines are private, they fall within the coverage of section 111.003(a) of the Natural Resources Code and there is no power to condemn under section 111.019 of the Natural Resources Code. *See id.* § 111.003(a) ("The provisions of this chapter do not apply to pipelines that are limited in their use to the wells, stations, plants, and refineries of the owner and that are not a part of the pipeline transportation system of a common carrier as defined in Section 111.002 of this code.").

Mobil and Exxon argue no evidence of the price paid for an easement by a petroleum pipeline company can be relevant in determining the appropriate compensation for a taking for a pipeline easement. This approach is not required by the applicable statutes and is inconsistent with guidance from the Texas Supreme Court. In *Hlavinka v. HSC Pipeline P'ship, LLC*, the Court reasoned that "[t]he multitude of pipelines crossing the tract, including those parallel and adjacent to HSC's pipeline—and the prices paid to secure those easements—is some evidence that the land is valuable to other pipeline carriers for its intrinsic qualities, notwithstanding HSC's decision to condemn it." 650 S.W.3d 483, 498 (Tex. 2022).

"The scope of discovery is largely within the trial court's discretion." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). That said, "[m]andamus relief is available when the trial court compels production beyond

3

the permissible bounds of discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). An abuse of discretion may occur "where a discovery order compels the production of patently irrelevant or duplicative documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding). Here, however, Relators have not shown that the discovery sought is beyond the permissible bounds of discovery, or that the discovery sought is so patently irrelevant that compelling discovery imposes a burden far out of proportion to any benefit obtained.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Here, that balance weighs against mandamus review. We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on March 31, 2025
Opinion Delivered June 26, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

4